Contracts; changed- conditions; changes. — Plaintiff seeks additional compensation under a contract with the Navy for construction of 300 units of family housing at Newport. *832 Rhode Island. Plaintiff claims (1) compensation under the changed conditions clause on the theory that it was required to strip and set aside an amount of topsoil in excess of what the Government-furnished drawings led it to expect; and (2) compensation under the changes clause for defendant’s requirement that it add an additional 14-inch flooring-underlayment as an alternative to providing blocks between the joists to which to nail the edges of plywood subflooring, neither of which was provided for in the specifications. The Armed Services Board of Contract Appeals rejected both claims. In a recommended opinion filed March 14, 1974 (reported in full at 19 CCF para. 82,903), Trial Judge Philip R. Miller concluded, as to (1) above, that the Board’s findings and decision that the topsoil encountered by plaintiff did not differ materially from conditions indicated in the contract, that to the extent there were differences they were inherent in the nature of the work, and that consequently there were no changed conditions, are supported by substantial evidence. As to (2) above, Trial Judge Miller in agreeing with the Board concluded that blocking was required by the contract for the edges of the combined subflooring and underlayment panels by necessary implication because otherwise there would be nothing to receive the nails at the specified 6-ineh intervals and that the obvious purpose of the nailing was to eliminate springing or bending in the floor. He points out that an experienced contractor is not entitled to construe specifications in a manner which he knows cannot produce the desired result. This case came before the court on plaintiff’s request for review of the recommended decision, on the parties’ cross-motions for summary judgment and on defendant’s motion that the court adopt the decision in its entirety. Upon consideration thereof, together with the briefs and oral argument of counsel, since the court agrees with the recommended decision, on January 17, 1975, by order, the court denied plaintiff’s request for review, granted defendant’s motion to adopt and adopted the said decision as the basis for its judgment in this case, denied plaintiff’s motion for summary judgment, granted defendant’s motion for summary judgment, and dismissed the petition.